The defendant in this case, the Hudson Upholstering Works, Incorporated, having made an assignment for the benefit of its creditors, on January 20th, 1930, the Standard Parlor Suit Company, holding a claim of $600, filed its bill for the appointment of a custodial receiver and to restrain the defendant (respondent here) from continuing its business or exercising any of its privileges or franchises. On the filing of the petition a custodial receiver was appointed, the restraint prayed for granted and the defendant and its creditors were directed to show cause on January 27th, 1930, why an injunction should not issue and a permanent receiver be appointed.
On the return of the rule, the assignee and a number of creditors, representing two-thirds of the unsecured claims, presented a petition setting up the assignment, praying that the assignee be made a party defendant and the assignee permitted to continue the administration of his duties which had been even at that early day carried forward well toward completion.
From this petition and the accompanying affidavit it appeared that a large majority in interest of the creditors of the respondent desired the continued administration of the assets by the assignee. The learned vice-chancellor deeming the best interests of all the parties would be conserved by a decree in accordance with the prayers of this petition, advised an order that the assignee be made a party to the proceeding, that he file a bond for $10,000 with the chancellor for the faithful performance of his duties under the assignment, and that upon the filing of the bond the custodial receiver turn over to the assignee any assets in his hands; that the receiver be thereupon discharged, and the restraints, in so far as they affected the said assignee in administering and liquidating the assets of the corporation, be dissolved. From the decree so advised and signed by the chancellor, the present appeal is taken by the complainant below, it contending on the appeal that the assignment for various reasons presented was invalid. *Page 580 
We find it unnecessary to consider this contention as we deem the questions raised not within the pleadings of the cause. It will be observed that the bill as filed by the appellant prayed only the appointment of a receiver and that the defendant corporation be restrained in its operations. At that time the assignment had already been made and the assignee was in possession of the corporation assets. No relief was asked against the assignee or that the assignment be declared void. Its validity, therefore, was not before the trial court and cannot be raised here. Respecting the order in regard to the assets it does not appear from the record that the receiver is in possession of any assets (indeed the only proofs in the case are to the contrary); hence the order to turn over such assets as might have come into his hands is without force and the appellant is certainly not a party aggrieved by that part of the order requiring the assignee to give bond.
The granting of the original prayer for the appointment of a custodial receiver, the appointment of a permanent receiver, and the restraint upon the corporation were all matters addressed to the sound discretion of the court of chancery, and we think the discretion in this case was wisely and commendably exercised in the interest of the corporation and of its creditors.
Finding no error, the decree is affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None. *Page 581